IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ERICA L. COOPER                                                                         PLAINTIFF

vs.                                     Civil No. 04-6122

JO ANNE B. BARNHART,
Commissioner, Social Security Administration                     DEFENDANT

## MEMORANDUM OPINION

### Factual and Procedural Background:

Erica L. Cooper (hereinafter "Plaintiff"), has appealed the final decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying her claims for a period of disability and disability insurance benefits (hereinafter "DIB"), pursuant to *§§ 216(i) and 223* of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i) and 423*. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *42 U.S.C. § 405(g)*.

The parties have each filed appeal briefs (Doc. #6 & 7). The history of the administrative proceedings is contained in the respective briefs and will not be recited herein, except as is necessary.

The DIB application now before the undersigned was protectively filed on July 22, 2002 (T. 55-56). Plaintiff's application for DIB benefits alleges an onset date of July 31, 2002 (T. 56). Plaintiff's date last insured for purposes of DIB benefits is June 30, 2007 (T. 70). Plaintiff alleges that she is disabled due to lymphedema of her lower left extremity. The issue before this Court is whether the decision of the Commissioner is supported by substantial record evidence.

Plaintiff's administrative hearing was conducted on January 21, 2004 (T. 212-232), after which the ALJ rendered an adverse decision on May 21, 2004 (T. 12-18).

Plaintiff then requested review of the ALJ's decision by the Appeals Council (T. 7). Plaintiff did not submit any additional evidence or exhibits to the Appeals Council. On July 12, 2004, the Appeals Council denied Plaintiff's request for review (T. 4-6), thereby making the decision of the ALJ the final decision of the Commissioner. From that decision, Plaintiff appeals (Doc. #1, 6). This matter is before the undersigned by consent of the parties (Doc. #2).

**Applicable Law:**

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000); see also Craig v. Apfel 212 F.3d 433, 435-436 (8th Cir. 2000).* Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion. *See Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999).* In considering whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See Prosch, 201 F.3d at 1012.* We may not reverse the Commissioner's decision merely because substantial evidence exists in the record that would have supported a contrary outcome. *See id.*

In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).* Even if this Court might have weighed the evidence differently, the decision of the ALJ may not

-2-

be reversed if there is enough evidence in the record to support the decision. *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992). It is well settled that proof of a disabling impairment must be supported by at least some objective medical evidence. *Marolf v. Sullivan*, 981 F.2d 976, 978 (8th Cir. 1992).

The Commissioner has established, by regulation, a five-step sequential evaluation for determining whether an individual is disabled.

The first step involves a determination of whether the claimant is involved in substantial gainful activity. *20 C.F.R. § 416.920(b)*. If the claimant is so involved, benefits are denied; if not, the evaluation goes to the next step.

Step two involves a determination, based solely on the medical evidence, of whether claimant has a severe impairment or combination of impairments. *Id., § 416.920(c); see 20 C.F.R. § 416.926*. If not, benefits are denied; if so, the evaluation proceeds to the next step.

The third step involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id., § 416.920(d)*. If so, benefits are awarded; if not, the evaluation continues.

Step four involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id., § 416.920(e)*. If so, benefits are denied; if not, the evaluation continues.

The fifth step involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given the claimant's age, education and work experience. *Id., § 404.920(f)*. If so, benefits are denied; if not, benefits are awarded.

**Discussion:**

AO72A
(Rev. 8/82)

Within his decision, the ALJ made the following relevant findings: 1) the Plaintiff was insured for benefits through the date of the decision, May 21, 2004; 2) the Plaintiff did not engage in substantial gainful activity since the alleged onset date of disability; 3) the Plaintiff's lymphedema is a "severe" impairment; 4) Plaintiff's lymphedema does not meet or medically equal on of the listed impairments in Appendix 1, Subpart P, Regulations No. 4; 5) Plaintiff's allegations regarding her limitations are not totally credible; 6) Plaintiff has the residual functional capacity to perform a full range of sedentary work, which includes the ability to lift and/or carry 10 pounds occasionally and five pounds frequently, stand and/or walk two hours of an eight hour day, and sit six hours of an eight-hour day; 7) Plaintiff is unable to perform any of her past relevant work; 8) Plaintiff is a "younger individual"; 9) Plaintiff has at least a "high school (or high school equivalent) education"; and, 10) a finding of "not disabled" is directed by Medical-Vocational Rule 201.28 (T. 17-18).

On appeal, Plaintiff argues that the ALJ committed the following errors: rendered a decision not supported by substantial evidence; failed to evaluate Plaintiff's impairments using the listings; and, improperly concluded Plaintiff maintained the residual functional capacity to perform the full range of sedentary work activity, and, failed to call a vocational expert (hereinafter "VE") to testify at the hearing (Doc. #6, p. 1-2, 25-26). To prove disability, plaintiff had to establish a physical or mental impairment by medical evidence consisting of signs, symptoms and laboratory findings, rather than by only her own statements of her symptoms. See *20 C.F.R. § 404.1508.*

Plaintiff has the burden of proving her disability. E.g., *Sykes v. Bowen, 854 F.2d 284, 285 (8th Cir. 1988).* Thus, she bore the responsibility of presenting the strongest case possible.

*Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Despite the Plaintiff's burden, there is little support in the record for Plaintiff's claim of disability. It is well settled that proof of a disabling impairment must be supported by at least some objective medical evidence. *Marolf v. Sullivan*, 981 F.2d 976, 978 (8th Cir. 1992).

For purposes of Plaintiff's DIB application, the relevant time period begins with the alleged onset date, July 31, 2002, and ends with the date of the ALJ's decision, May 21, 2004 (T. 56, 18). In order to establish that she suffers from a disability which makes her eligible for DIB benefits, Plaintiff must prove that she was disabled during the relevant time period.

At the time of the administrative hearing, Plaintiff was a 33-year-old mother of two, ages 7 and 12 (T. 216-217). She was a high school graduate and completed one year of community college (T. 216). During the administrative hearing, Plaintiff testified that she was employed as a cashier for the Arkansas State Revenue Office for six or seven years (T. 217). Plaintiff testified that she last worked in March of 2002 (T. 217).

Plaintiff's sole medical complaint is lymphedema of her left lower extremity. Lymphedema is defined as the accumulation of excessive lymph fluid and swelling of subcutaneous tissues due to obstruction, destruction or hypoplasia of lymph vessels. The lymphedema patient usually complains of unilateral swelling of the foot, leg or entire lower extremity. Lymphedema is worse during warm weather, before menstrual periods, and after prolonged dependency. Lymphedma involves no discomfort. Upon examination, lymphedema is diffuse, causes a typical mount on the dorsum of the foot or hand, and is only partially pitting. There are usually no changes of the skin or evidence of venous insufficiency. The swelling is treated by elevation or pneumatic compression and with application of a firm elastic support

garment to be worn while the patient is up. Occasionally, diuretics are helpful. See *The Merck Manual,* pp. 593 (16th Edition 1992).

Despite Plaintiff's repeated complaints of pain in the various DIB forms, her testimony and during the occasional doctor visit (T. 220, 221, 222, 223, 225, 226, 228, 229, 230, 75, 76, 89, 96, 97, 99, 100, 102, 107, 109, 113, 134, 164, 165, 166, 186, 187), the record reflects that Plaintiff more often reported to her physician that she experienced little or no pain (T. 149, 161, 163, 174, 170, 172, 174). Although Plaintiff regularly experienced swelling of her left lower extremity (T. 220, 221, 222, 223, 225, 226, 228, 229, 230, 75, 76, 89, 96, 95, 97, 100, 102, 107, 109, 123, 134, 149, 161, 163, 165, 166, 171, 172, 173, 174, 175, 186, 187), she admitted that she did not regularly wear the compression garments prescribed to reduce/control her (T. 170, 186).

Plaintiff contends that the ALJ erred in finding Plaintiff not totally credible with respect to her nonexertional complaints. Here, the ALJ found that plaintiff retains the residual functional capacity (hereinafter "RFC"), to perform the full range of sedentary work. The ability to do most work activities encompasses "the abilities and aptitudes necessary to do most jobs." *Williams v. Sullivan, 960 F.2d 86, 88 (8th Cir.1992).* Examples include physical functions such as walking, sitting, standing, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work situation. *Id. at 88-89; 20 C.F.R. § 1521(b).* Work at the sedentary exertional level is described, as follows:

(a) *Sedentary work.* Sedentary work involves lifting no more than 10 pounds at

a time and occasionally lifting or carrying articles like docket files, ledgers and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

*20 C.F.R. § 1567(a)*.

The medical evidence concerning the relevant time period herein, is scant, and there is little support in the record for plaintiff's claim of disability. If an applicant for benefits has an impairment that does not meet or equal those listed in the regulations at *20 C.F.R. Part 404, Subpart P, Appendix 1*, and if, as here, he or she cannot do his or her last regular work, then the Commissioner has the burden of proving that other jobs are available for the applicant in the national economy. If the applicant's impairments are exertional (affecting the ability to perform physical labor), the Commissioner may carry this burden by referring to the grids, which are fact-based generalizations about the availability of jobs for people of varying ages, educational backgrounds, and previous work experience, with differing degrees of exertional impairment. These rules are "predicated on an individual's having an impairment which manifests itself by limitations in meeting the strength requirements of jobs" and therefore "may not be fully applicable where the nature of an individual's impairment does not result in such limitations, [for example] certain mental ... impairments." *20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e)*. The rules for application of the grids also provide that:

> In the evaluation of disability where the individual has solely a nonexertional type of impairment, determination as to whether disability exists shall be based on the principles in the appropriate sections of the regulations, giving consideration to the rules for specific case situations in this appendix 2. The rules do not direct factual conclusions of disabled or not disabled for individuals with solely nonexertional types of impairments.

*20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e)(1)*. Thus, the rules themselves recognize that they contemplate primarily the range of jobs available to those whose impairments are principally exertional, and do not address directly the situation of applicants whose impairments are not exertional.

The grids, consequently, do not accurately reflect the availability of jobs to people whose impairments are nonexertional, and who therefore cannot perform the full range of work contemplated within each table. Accordingly, the United States Court of Appeals for the Eighth Circuit has, in the past, required that the Commissioner meet her burden of proving that jobs are available for a significantly nonexertionally impaired applicant by adducing the testimony of a vocational expert. See, *e.g., Reed v. Sullivan, 988 F.2d 812, 816 (8th Cir.1993); Starks v. Bowen, 873 F.2d 187, 191 n.2 (8th Cir.1989)*. "[W]here a claimant suffers from a nonexertional impairment which substantially limits his ability to perform gainful activity, the grid cannot take the place of expert vocational testimony." *Talbott v. Bowen, 821 F.2d 511, 515 (8th Cir.1987)*. Furthermore, "where the evidence of exertional limitations is extremely limited, and the dispute focuses on whether the claimant has the emotional capacity to engage in sustained employment, resort to the grid is inappropriate." *Tennant v. Schweiker, 682 F.2d 707, 709-10 (8th Cir.1982) (citing McCoy v. Schweiker, 683 F.2d 1138, 1148 (8th Cir.1982) (en banc))*.

The United States Court of Appeals for the Eighth Circuit has further observed:

If Thompson's nonexertional impairments significantly affect her residual functional capacity then the Guidelines are not controlling and may not be used to direct a conclusion of disabled or not disabled. We recognize that this presents a difficult question of degree and therefore we believe that additional guidance is warranted. In this context "significant" refers to whether the claimant's nonexertional impairment or impairments preclude the claimant from engaging in the full range of activities listed in the Guidelines under the demands

-8-

of day-to-day life. Under this standard isolated occurrences will not preclude the use of the Guidelines, however persistent nonexertional impairments which prevent the claimant from engaging in the full range of activities listed in the Guidelines will preclude the use of the Guidelines to direct a conclusion of disabled or not disabled.

*Thompson v. Bowen* 850 F.2d 346, 350 (8th Cir.1988).

In this case, the ALJ had a VE present at the administrative hearing, but did not elicit testimony from the VE. Counsel for Plaintiff was aware of the VE's presence and he, too, chose not to call the VE to testify. The only nonexertional impairment alleged by the Plaintiff was pain. The ALJ found:

> I have considered the medical evidence and other evidence of record, including claimant's testimony at the hearing. However, I find that claimant's allegations of disabling pain and limitation are simply not credible to the extent alleged. She has rarely sought medical treatment and all of the treatment has been conservative. She has been prescribed compression stockings for her leg, which she has not been wearing on a regular basis. This is probative that claimant's condition is not nearly as severe as she alleges.

(T. 15).

Likewise, the medication prescribed for Plaintiff has been primarily anti-inflammatory medications, such as Naproxen and Bextra. Although Plaintiff was prescribed Hydrocodone on one occasion (T. 116), Ibuprofen, a medication available over-the-counter, has been Plaintiff's primary pain medication (T. 223, 78, 97, 115).

Testimony of a VE is only required when the burden shifts to the Commissioner and the plaintiff has a nonexertional impairment. *Johnston v. Shalala,* 42 F.3d 448, 452 (8th Cir.1994). Consequently, if the plaintiff suffered from significant nonexertional impairments, the ALJ's conclusion that he was not disabled, is legally infirm. See *Foreman v. Callahan* 122 F.3d 24, 24 -26 (C.A.8 (Ark.),1997). However, an individual's statement as to pain or other symptoms

shall not alone be conclusive evidence of disability; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which results from anatomical, physiological or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged. *42 U.S.C. § 423(d)(5)(A); Brown v. Shalala, 15 F.3d 97, 98 (8th Cir.1994).*

Notwithstanding, pain is largely subjective; thus, in evaluating pain, an ALJ must rely on circumstantial evidence. *Bentley v. Shalala, 52 F.3d 784, 786 (8th Cir.1995).* Here, the ALJ thoroughly evaluated the plaintiff's subjective complaints in light of the criteria set forth in *Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir.1984)* (subsequent history omitted), and found they lacked credibility (T. 17-20).

The objective medical evidence does not show a condition or conditions that could reasonably be expected to produce the subjective complaints alleged at the level plaintiff claims. *Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir.1990).* Plaintiff's lack of significant prescription medication is inconsistent with her complaints. *Wingert v. Bowen, 894 F.2d 296, 299 (8th Cir.1990).* In addition, plaintiff's daily activities are incompatible with disabling pain (T. 224, 227, 95, 96, 97, 98, 99, 102, 113, 209). Further, during the relevant time period, plaintiff has not sought consistent or aggressive treatment for her alleged disability. The failure to seek medical treatment may be inconsistent with a finding of disability. *Barrett v. Shalala, 38 F.3d at 1023; Johnson v. Bowen, 866 F.2d 274, 275 (8th Cir.1989);* see also *McClees v. Shalala, 2 F.3d 301, 303 (8th Cir.1993); Smith v. Shalala, 987 F.2d 1371, 1374 (8th Cir.1993).* Finally, notably, no physicians have placed significant restrictions upon the plaintiff's activities. This lack of significant restrictions upon her activities by her doctors is inconsistent with the

AO72A
(Rev. 8/82)

plaintiff's claim of disability. *Melton v. Apfel, 181 F.3d at 941; Smith v. Shalala, 987 F.2d 1371, 1374 (8th Cir.1993)*.

The ALJ's credibility analysis was proper. He made express credibility findings and gave the reasons for discrediting the testimony. *E.g., Shelton v. Chater, 87 F.3d 992, 995 (8th Cir.1996); Reynolds v. Chater, 82 F.3d 254, 258 (8th Cir.1996); Hall v. Chater, 62 F.3d 220, 224 (8th Cir.1995)*. This court should not disturb the decision of any ALJ who seriously considers, but for good reason explicitly rejects, a plaintiff's testimony of disabling pain. See *Reed v. Sullivan, 988 F.2d 812, 815 (8th Cir.1993)*. To require a more elaborate articulation of the ALJ's thought processes would not be reasonable. *Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir.1992);* quoting *Gooch v. Secretary of H.H.S., 833 F.2d 589, 592 (6th Cir.1987), cert. denied, 484 U.S. 1075 (1988)*. Accordingly, we conclude that substantial evidence supports the ALJ's credibility determination.

We further find that the ALJ's RFC determination is supported by substantial evidence of record. It is well settled, the ALJ "bears the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence," *Roberts v. Apfel, 222 F.3d 466, 469 (8th Cir.2000)*. The United States Court of Appeals for the Eighth Circuit has also stated that a "claimant's residual functional capacity is a medical question," *Singh v. Apfel, 222 F.3d 448, 451 (8th Cir.2000)*, and thus, "some medical evidence," *Dykes v. Apfel, 223 F.3d 865, 867 (8th Cir.2000) (per curiam )*, must support the determination of the plaintiff's RFC, and the ALJ should obtain medical evidence that addresses the claimant's "ability to function in the workplace," *Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir.2000)*. Therefore, in evaluating the plaintiff's RFC, *see 20 C.F.R. § 404.1545(c)*, while not limited to considering medical evidence,

an ALJ is required to consider at least some supporting evidence from a professional. *Cf. Ford v. Secretary of Health and Human Services, 662 F.Supp. 954 (W.D.Ark.1987)* (RFC was "medical question," *id. at 955*, and medical evidence was required to establish how claimant's heart attacks affected his RFC, *id. at 956)*, cited with approval in *Nevland v. Apfel, 204 F.3d at 858*. We find that the ALJ conducted a proper evaluation of the plaintiff's RFC, in the instant matter, and his assessment is supported by ample record evidence. See *Lauer v. Apfel 245 F.3d 700 (8th Cir.2001)*.

### **Conclusion:**

There is substantial record evidence to support the decision of the ALJ. Accordingly, the Commissioner's decision should be affirmed and the Plaintiff's complaint dismissed with prejudice. A judgement incorporating these findings will be entered pursuant to F.R.C.P. 52 and 58.

ENTERED this 30th day of September, 2005.

/s/Bobby E. Shepherd
Honorable Bobby E. Shepherd
United States Magistrate Judge

AO72A
(Rev. 8/82)